UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH ANN RODGERS,

      Plaintiff,

v.                              Case No:   6:15-cv-472-Orl-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff Deborah Rodgers appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB").   For the reasons discussed herein, the decision of the Commissioner is affirmed.

### I.     Issues on Appeal[1]

Plaintiff raises two issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly analyzed the opinions of Plaintiff's treating physician, Dr. Boris Onate; and (2) whether the ALJ properly explained the weight given to the non-examining medical consultant.

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ([A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), cited in *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013).

## II.   Procedural History and Summary of the ALJ's Decision

Plaintiff filed an application for DIB alleging a disability that began on July 15, 2011.   Tr. 119-20.   The Social Security Administration denied her claim initially on June 7, 2012 and upon reconsideration on August 17, 2012.   Tr. 61, 69.   Plaintiff requested and received a hearing before ALJ Joseph A. Rose, on August 30, 2013, during which she was represented by an attorney.   Tr. 24-40.   Plaintiff and vocational expert ("VE") Ted Mitchell testified at the hearing.   *Id.*   The ALJ issued an unfavorable decision on September 25, 2013.   Tr. 12-19.

The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014.   Tr. 14.   At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity at any time after the alleged onset date.   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, sleep apnea, lupus, left hip disorder, and arthritis.   *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix."   *Id.*

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b).   Tr. 15.   The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the

intensity, persistence and limiting effects of these symptoms are not entirely credible

. . . ." Tr. 17. The ALJ found that Plaintiff is unable to perform any of her past

relevant work ("PRW") as a home attendant, but there are jobs existing in significant

numbers in the national economy that Plaintiff can perform. Tr. 18. Thus, the ALJ

found Plaintiff was not disabled and denied her claim. Tr. 19.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals

Counsel, which was denied on January 29, 2015. Tr. 1. Accordingly, the September

25, 2013 decision is the final decision of the Commissioner. Plaintiff filed an appeal

in this Court on March 24, 2015. Doc. 1.

### III.    Social Security Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in

any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to either result in death or last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1),

423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step

sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520;

416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2)
> if not, whether the claimant has a severe impairment or combination of
> impairments; (3) if so, whether these impairments meet or equal an
> impairment listed in the Listing of Impairments; (4) if not, whether the
> claimant has the residual functional capacity ("RFC") to perform his
> past relevant work; and (5) if not, whether, in light of his age, education,
> and work experience, the claimant can perform other work that exists
> in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The Eleventh Circuit has noted that the Commissioner's burden at step five is temporary, because "[i]f the Commissioner presents evidence that other work exists in significant numbers in the national economy, 'to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists.'" *Atha*, 616 F. App'x at 933 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir.2001)). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)).   Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).   It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Commissioner, 2015 WL 1453364*, at *2 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)).

## IV.   Discussion

### a. Whether the ALJ properly analyzed the opinions of Plaintiff's treating physician, Dr. Boris Onate.

Plaintiff alleges that the ALJ failed to analyze the opinions of Dr. Onate in accordance with 20 C.F.R. § 404.1527 and prevailing Eleventh Circuit precedent. Doc. 26 at 2.   Specifically, Plaintiff states that Dr. Onates's opinions are supported

by the underlying medical evidence, and the ALJ failed to provide specific reasons for discounting Dr. Onate's opinions.   *Id.*   Defendant responds that the ALJ properly assessed the evidence of record, including the opinions of Dr. Onate, and accorded Dr. Onate's opinions little weight, as the opinions were inconsistent with Dr. Onate's own treatment records.   Doc. 27 at 4, 6-7.

Under the Regulations, opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ."   20 C.F.R. § 404.1527(c)(2).   Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).

Accordingly, "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown."   *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Sabo v. Chater*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996).   "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"   *Winschel* 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241).

If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight.   SSR 96-2p; 20 C.F.R. § 404.1527(c).   By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so.   *Winschel*, 631 F.3d at 1179.   Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion.   *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011).

Here, Dr. Onate treated Plaintiff at the Center for Living Well from approximately January to August 2013 for pain in her back, hips, and right shoulder, diabetes, lupus, and neuropathy in her feet and left hand.   Tr. 16.   On January 7, 2013, Dr. Onate treated Plaintiff for diabetes and joint pain.   Tr. 344.   Plaintiff reported multiple joint pain, neuropathy and numbness of her bilateral feet and ankles.   *Id.*   On physical examination, Dr. Onate noted that Plaintiff was in no acute distress, she had full range of motion in her joints, and no ankle tenderness.   Tr. 346.   He diagnosed Plaintiff with diabetes mellitus, type II, uncontrolled, joint pain and obstructive sleep apnea.   *Id.*   Subsequently, Dr. Onate treated Plaintiff on January 21, 2013 as a follow up on her lab work and diabetes.   Tr. 340.   During that visit, Plaintiff reported that her blood sugar values were unsatisfactory.   *Id.*   She stated she has been trying to follow a diabetic diet, lose weight and exercise.   *Id.*

She also reported that she felt that her diabetes was not under control. *Id.* Dr. Onate opined that during that visit Plaintiff was in no acute distress and she exhibited full range of motion, but there was some numbness in her feet bilaterally. Tr. 342. Dr. Onate noted, however, that Plaintiff's diabetes was not under control. Tr. 343. Thus, he changed Plaintiff's medication. *Id.*

On February 14, 2013, Plaintiff reported to Dr. Onate that she had a recent onset of a rash, but she has not used any of her cream, and her skin tends to be dry. Tr. 337. She also reported increased joint pain due to her lupus. *Id.* Dr. Onate found that Plaintiff had some limited range of motion in her right shoulder. Tr. 339. He noted, however, that there was no swelling or deformity in her feet. *Id.* During the April 24, 2013 examination, Dr. Onate made normal findings noting full range of motion in Plaintiff's extremities, no rashes or lesions, and no lesions or abnormalities in her right and left lower extremities or feet. Tr. 334. On July 26, 2013, Plaintiff reported that she was in pain all over. Tr. 328. Dr. Onate noted that Plaintiff had numbness in her feet and instructed Plaintiff on how to better control her diabetes. Tr. 331.

On August 6, 2013, Dr. Onate opined that Plaintiff has a maximum ability to lift or carry no more than ten pounds frequently during an eight-hour work day; stand and walk approximately two hours, with normal breaks, during an eight-hour work day; sit approximately three hours, with normal breaks, during an eight-hour work day; sit approximately five minutes before changing positions; and stand approximately five minutes before changing positions. Tr. 284-85. Dr. Onate

further opined that Plaintiff must walk around every ten minutes for approximately five minutes.   Tr. 285.   Additionally, he stated that Plaintiff needs the ability to shift at will from sitting to standing/walking.   *Id.*   Dr. Onate also opined that Plaintiff will need to lie down at unpredictable intervals during an eight-hour work shift because of the neuropathy of her feet.   *Id.*   He stated that Plaintiff also can twist, stoop/bend, crouch and climb stairs occasionally during an eight-hour work day and never climb ladders.   *Id.*   Dr. Onate stated, however, that Plaintiff's ability to reach, handle, finger, feel, push or pull are not affected by her impairments.   Tr. 286. Moreover, Dr. Onate opined that Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, high humidity, fumes, odors, dusts, gases, perfumes, soldering fluxes, solvents/cleaners, and chemicals.   *Id.*

The ALJ accorded this last opinion little weight, as it was inconsistent with Dr. Onate's prior findings.   Tr. 17-18.   Specifically, the ALJ stated that he accorded "little weight to Dr. Onate's opinion because it is inconsistent with his own treatment records and is not supported by the consistently near normal findings on numerous neurological examinations."   Tr. 18.   The ALJ considered Dr. Onate's treatment notes from January to August 2013 and noted that in January, July and August 2013 Plaintiff had numbness in her feet, subjective complaints of pain in her back and hip joints, and her sensation was not intact bilaterally up to the distal legs on examination.   Tr. 17.   The ALJ also noted, however, that in February and April, there were no sensory defects noted on examination.   *Id.*   Additionally, the ALJ stated, "the objective medical evidence shows a significant, but not disabling level of

impairment.   Although records from Dr. Onate in January, July, and August note numbness in the [Plaintiff's] feet, subjective pain in her back, hip joints, and sensory deficits, the [Plaintiff] did not require the use of an assistive device to help with her neuropathy and pain." *Id.*

The ALJ also considered the other normal neurological findings in the record when he discounted the weight accorded to Dr. Onate's opinions.   As noted by the Commissioner, other treatment records documented near normal findings on examination.   Doc. 27 at 7-8; Tr. 236-40. Dr. William Newsome, a state agency consultant found that Plaintiff's gait was normal; she was able to walk one block at a normal pace, walk over rough and uneven surfaces, carry out ambulatory activities, heel-to-toe walk, and walk without an assistive device.   Tr. 236-40.   The ALJ also noted that Plaintiff's gait was normal and she had full range of motion in her upper and lower extremities bilaterally.   Tr. 17, 239, 304.   The ALJ also considered the medical records that indicated Plaintiff was not taking her diabetes medication as directed.   Tr. 17, 213.   The ALJ noted that this noncompliance suggests that the symptoms may not have been as limiting as alleged.   Tr. 17.   Moreover, the ALJ commented that based on a sleep apnea study, Plaintiff's sleep improved with the CPAP machine.   Tr. 17, 281.

The Court finds that the ALJ adequately explained his reasons for discounting the weight of Dr. Onate's opinions.   As stated, *supra*, the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion.   *Lawton v.* 431 F. App'x at 833.   Moreover, the ALJ does not have to adopt

the opinion of Dr. Onate related to Plaintiff's functional capacity because such decisions are reserved for the Commissioner, as they are administrative findings that are dispositive of the case. 20 C.F.R. § 404.1527(d); *see* SSR 96-5p; *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011). "Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under disability, and thus, would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96-5p. Accordingly, the Court finds that the ALJ demonstrated good cause and clearly articulated his reasons for discounting the opinions of Dr. Onate, and thus, that the ALJ's decision is supported by substantial evidence.

> b. *Whether the ALJ properly explained the weight given to the non-examining medical consultant.*

Next, Plaintiff summarily argues that the ALJ erred by assigning dispositive weight to the opinion of the state agency consultant, Dr. Glenn Bigsby, D.O., but then failed to explain why he did not include portions of the opinion in the RFC finding. Doc. 26 at 2. Plaintiff, however, offers no additional argument or discussion concerning this issue. *See id.* The Commissioner responds that the ALJ properly accorded Dr. Bigsby's opinion great weight because Dr. Bigsby's opinion is supported by the findings on examination and the entire record. Doc. 27 at 9-10.

When determining how much weight to afford an opinion, the ALJ considers whether there is an examining or treatment relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion;

consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). Findings of fact made by state agency medical and psychological consultants as to the nature and severity of a claimant's impairments must be treated as expert opinion evidence of nonexamining sources by the ALJ; but the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner. SSR 96-6p; 20 C.F.R. § 404.1527(d)(1)-(2). Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of other consultants, doctors or medical specialists. 20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).

In the Eleventh Circuit, the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 630 F.3d at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)) (per curiam). The court reiterated in *Winschel*, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." 630 F.3d at 1179 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). An ALJ who fails to "state with at least some measure of clarity the grounds for his decision" cannot be affirmed because the court cannot perform its duty to "scrutinize

the record as a whole to determine whether the conclusions reached are rational." 630 F.3d at 1179 (citations omitted).

Here, Dr. Bigsby opined that Plaintiff has been diagnosed with diabetes mellitus, sleep-related breathing disorder, and disorders of the back – discogenic and degenerative.   Tr. 54.   Dr. Bigsby stated that one or more of Plaintiff's impairments could be expected to produce pain or other symptoms, and Plaintiff's statements regarding the intensity, persistence and functionally limiting effects of the symptoms are substantiated by the objective medical evidence.   Tr. 55.   Dr. Bigsby opined that Plaintiff has the ability to occasionally lift/carry up to twenty pounds, frequently lift/carry up to ten pounds, stand/walk, with normal breaks, for a total of about six hours during an eight-hour work day, and sit, with normal breaks, for a total of six hours in an eight-hour work day.   *Id.*   Dr. Bigsby found that Plaintiff did not have any postural, manipulative, visual, communicative or environmental limitations. Tr. 55-56.   Dr. Bigsby opined, however, that Plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation.   Tr. 56.

The ALJ accorded Dr. Bigsby's opinion great weight "because it is supported by findings on examination and longitudinal review of the entire medical record. Specifically, the [Plaintiff's] gait was normal, she demonstrated full range of motion in her upper and lower extremities bilaterally, and her motor strength was full on examination."   Tr. 17.   Although Plaintiff alleges that the ALJ failed to explain why he did not include portions of Dr. Bigsby's opinion in his RFC, the ALJ is not required to fully adopt a physician's opinion.   *See* 20 C.F.R. § 404.1527(e).   While the ALJ is

required to consider the findings made by a state agency consultant, the ALJ is not bound by those findings. *Id.* Moreover, opinions on the severity of impairments, whether impairments meet or equal the listings, the RFC and the application of vocational factors are decisions reserved for the Commissioner. 20 C.F.R. § 404.1527(d).

The ALJ properly relied on the opinions of Dr. Bigsby along with the other evidence of record in determining Plaintiff's RFC and ultimately that Plaintiff was not disabled. The ALJ articulated the reasons for the weight he accorded to Dr. Bigsby, and made his findings accordingly. Therefore, the Court finds that the ALJ's decision is supported by substantial evidence.

Finally, Plaintiff asserts that the ALJ could have arranged for an additional examination, sent the entire file back to the state agency for review, or re-contacted Dr. Onate. Doc. 26 at 9. In response, the Commissioner states, "the ALJ properly developed the record and the evidence was sufficient for the ALJ to make a determination that Plaintiff was not disabled." Doc. 27 at 12.

"The claimant is responsible for providing medical evidence demonstrating an impairment and how severe the impairment is during the relevant time period." *Castle*, 557 F. App'x at 852 (citing 20 C.F.R. § 404.1512(c)); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."). Additionally, the regulations provide that if there is insufficient evidence for the ALJ to make a decision, then the ALJ may re-contact a treating physician or

other medical source, request additional existing records, or ask the claimant to undergo a consultative examination.  20 C.F.R. § 404.1520b.  As noted by the Commissioner, the ALJ is not required to re-contact the physician or order a consultative opinion.  Doc. 27 at 1 (citing 20 C.F.R. § 404.1520b); *see also Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (finding that an ALJ was not obligated to seek additional information before concluding that the claimant's impairments were not severe, when the record included opinions from several physicians including a treating physician).

Here, the record included hospital records, records from Plaintiff's treating physician, and consultative opinions from Dr. Newsome and Dr. Bigsby.  The ALJ discussed and considered all of these records, which were sufficient for the ALJ to make his decision.  Additionally, Plaintiff has failed to provide any additional evidence to support her position that her limitations are more severe and affect her ability to perform basic work.  Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence.

## V.    Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.  Where, as here, the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the preponderance of the

evidence is against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3;

*Barnes*, 932 F.2d at 1358.

ACCORDINGLY, it is hereby

**ORDERED**:

1.      The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence

four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record